CHANDLER TRAILER CONVOY, INC. ET AL *v.*
R. E. WOOD D/B/A Bob Wood Trucking Co. ET AL

5-5746                                   479 S.W. 2d 515

Opinion delivered February 14, 1972
[Rehearing denied March 20, 1972.]

*Carpenter, Finch & McArthur,* for appellants.

*C. E. Blackburn,* for appellees.

JOHN A. FOGLEMAN, Justice. Chandler Trailer Convoy, Inc. and Arkansas Transit Homes, protestants against the application of appellee Robert E. Wood, d/b/a Bob Wood Trucking Co., for authority to operate as an intrastate common carrier in the movement of large boats and watercraft over irregular routes between all points and places in Arkansas, bring this appeal from the judgment of the circuit court affirming the action of the Arkansas Commerce (now Transportation)

Commission granting the certificate. On this appeal, our review de novo is a determination whether the findings of the commission are without support by a preponderance of the evidence. Since we cannot say that they were clearly against the preponderance of the evidence, we affirm. *Fisher* v. *Branscum,* 243 Ark. 516, 420 S. W. 2d 882.

The appellants and protestants were holders of authority to act as carriers in the same field. They argue that the commission erred in finding that public convenience and necessity required operation in this field by Wood, in ignoring appellants' existing authority and in not allowing appellants to augment their existing services and facilities. The commission specifically found that the entry of an additional carrier into the particular field would not materially affect the operation of any other carrier.

Glen Morehart, the owner and operator of a facility in which boat repair was a specialty, and David Collins, the owner of a 52-foot houseboat, weighing about 25,000 pounds, testified about efforts to transport this boat to the Morehart shop four to six weeks prior to the hearing. According to them, Wendell Chandler of Arkansas Transit Company made an abortive attempt to haul the boat on a borrowed trailer, ending in the partial collapse of the trailer because the weight of the boat was too great. They told of the subsequent lapse of two days or more while Chandler attempted to locate and acquire an adequate trailer for the move, after which the services of Wood were engaged, and the movement to and from the shop was made successfully, economically and expertly. Morehart said that he had first called Winston Chandler of Chandler Convoy for this move, and that Winston Chandler referred him to Wendell Chandler of Arkansas Transit. Both Morehart and Collins testified about unsuccessful efforts to engage the services of other carriers before Wood was sought.

Morehart testified that the business of moving large boats was increasing. It was his opinion that existing services were not adequate to meet existing needs. He

recalled an occasion when one of the appellants had brought a pontoon houseboat to his shop, saying that he had experienced some difficulty in removing the boat because of inadequacy of the trailer on which it was transported.

Robert Wood said that he had been hauling boats for 11 years and that he owned equipment adequate to haul boats of any size that he had been called upon to transport. He said that he did not know of any boat in Arkansas that he would be unable to transport, but that he was prepared to purchase a larger trailer if he should be granted the authority he sought. He stated that he did most of the hauling of boats himself and that he had attended a school consisting of classes in boat handling, moving and transportation. He named seven persons from whom he had pending requests for movement of boats and said that he had moved 30 in the preceding three months. He stated that, in one instance, he had to retrieve a boat Arkansas Transit Homes had left sitting in the middle of the road, and in another to pull one out which it had left stuck in the mud.

Robert Apel testified that he had obtained the services of Wood to move his 30-foot cruiser from Heber Springs to Lake Ouachita after having called both of the appellants. He said that he was advised by Chandler Convoy that it did not move boats, but would move his on a borrowed trailer. Whoever answered his telephone call at Chandler Convoy referred him to Arkansas Transit. Apel then searched for an adequate trailer for moving his boat and obtained the services of Wood.

W. J. Walker, a Little Rock attorney and the owner of Lake Marine, Inc., a boat retailer for eight or nine years, testified that the sales and servicing of boats were increasing annually and that there was a definite need for the service Wood would render. He related the increased demand for large boats to the Arkansas River development. He had observed Wood's equipment and method of operation and found them to be first class. He had utilized the services of Chandler Trailer Convoy, and had never been refused intrastate service by them

and did not know of anyone who had. He had never used this firm to haul a boat more than 23 feet long and did not know that it transported large boats. He had never heard of Arkansas Transit Homes. He recalled one movement by Chandler Trailer Convoy that he felt was satisfactory, but handicapped by reason of the fact that the driver furnished had never hauled a boat before. He said that the result was satisfactory because his employees, rather than the driver, loaded the boats.

Bernard Hargrove, a Heber Springs boat salesman, who also had a boat repair business, said that he sold 300 to 400 boats per year of which about 12 were over 34 feet long, and repaired 60 to 70 per year, 25 to 30 of which would measure over 34 feet in length. He had used both appellants in transporting boats, but said that neither furnished its own trailer. This, he said, resulted in inconvenience to him because he had to loan a trailer to the carrier in each instance, and, in order to do so, had to remove a large boat from the trailer and then replace the boat on the trailer when it was returned. He recalled that there had been damage to his trailer on more than one occasion while it was on loan. He added that, in the recent past, he found the services of Chandler Trailer in moving a boat from Conway to Heber Springs unsatisfactory because of the attempted use of an inadequate trailer. He said that after the trailer was damaged in the attempt, the carrier advised him that it could not move the boat. Thereafter, he said, he obtained the services of Wood who moved the boat in a satisfactory manner. Hargrove stated that the business was not seasonal, partially because boat owners had repair work done in the winter. He testified that the moving of boats had increased over the years and foresaw a continued rise because of the opening of the Arkansas River to navigation. He said he had requested service by a truck and driver from Arkansas Transit, but they failed to send them at the time requested.

On the other hand, Winston G. Chandler of Chandler Trailer Convoy listed his company's equipment, which included 21 boat trailers, reported that the company had 9 terminals located over the state with tele-

phones and equipment necessary to handle the business on which it was called, recited extensive advertising of its services available for mobile home, trailer and boat transportation, both interstate and intrastate, and told of this carrier's ability to have larger trailers made available to it when its own equipment was not adequate for moving a large boat. He testified that he had no knowledge of any damage to any boat transported by his company, and that the company had the financial ability to acquire any additional equipment needed. He stated that on only two occasions had Chandler Trailer Convoy been unable to transport a boat because of its size and that each time someone else moved the boat while the company was in the process of securing a larger trailer. He said that his company's boat equipment sat idle 90% of the time and that the company needed more of this type of business.

Wendell Chandler, owner and operator of Arkansas Transit Homes, testified that his company had a boat trailer which would accommodate as many as 25 boats, and a lowboy trailer for use with craft up to 46 feet long. He said that when called upon to haul a larger boat, he borrowed a trailer from his brother or rented one from his brother or another source. He felt that it was impossible to have one, two or three trailers suitable for hauling all types of large boats on the market. He had moved a 90-foot boat on a trailer he obtained from someone else. He used one of two experienced employees in boat transportation, and said that his company had damaged only one boat in 12 years of operation and had been unable to move boats because of insufficient equipment or insufficient time to obtain adequate equipment on only two occasions. He agreed that there were growing demands for boat transportation. He attributed his lack of trailers needed to haul all boats to his inability to accurately determine the various sizes and types necessary.

We cannot say that this evidence clearly preponderates against a finding of present and future public convenience and necessity or that the applicant failed to meet his burden of proof. While the witnesses were

individuals who needed the type of service the appellants proposed to furnish, they told of public needs in addition to their own needs. Furthermore, we cannot say that the commission ignored the service being furnished by appellants or the effect of the issuance of the certificate sought upon appellants' business. The testimony of Morehart, Collins, Wood, Apel and Hargrove clearly indicated that there were various occasions when the appellants were unable to furnish needed service, largely because of inadequate equipment, and that the situation had not been remedied at the time of the hearing. It seems that the ability of Wood to furnish adequate equipment and the inability of Wendell Chandler to even ascertain the type of equipment needed must be accorded some weight in determining this question. Certainly 12 years of operation by Chandler Convoy and the experiences related by the witnesses should have shown that company the need for additional equipment and afforded adequate opportunity to acquire it.

We do not agree with appellants' argument that before a certificate may be granted, it must be shown that the present service is inadequate, that the additional service would benefit the general public *and* that the existing carriers have been given an opportunity to furnish the additional service needed. We have held that the existence of any of the three factors is sufficient basis to support a finding of public convenience and necessity. *Southwestern Transportation Co.* v. *King,* 240 Ark. 309, 399 S. W. 2d 276; *Santee* v. *Brady,* 209 Ark. 224, 189 S. W. 2d 907; *Missouri P. R. Co.* v. *Williams,* 201 Ark. 895, 148 S. W. 2d 644.

The judgment must be affirmed.